## RAE COSTELLO
*vs.*
## MAY L. SCHATZMAN

Superior Court      New Haven County      File No. 61507

MEMORANDUM FILED APRIL 11, 1942.

*Richard T. Mokrzynski,* of New Haven, for the Plaintiff.

*Watrous, Gumbart & Corbin,* of New Haven, for the Defendant.

FOSTER, J.  In determining this case one need consider no more than the plaintiff's testimony.

Chapel Street in New Haven runs east and west and is intersected by Temple Street running north and south. There is a traffic light at the intersection of the two streets. Buses traveling south on Temple Street are accustomed to stop at the west curb of Temple Street just north of Chapel Street.

The plaintiff and her sister and two children, small, but large enough to walk, had travelled south on Temple Street in a bus. The bus in which they had been riding stopped at the west curb of Temple Street about ten feet behind and north of another bus and about 40 feet north of the north curb line of Chapel Street extended. Upon alighting from the bus the plaintiff and her sister, each having a small child by the hand, started to cross Temple Street in an easterly direction, passing between the two parked buses. The plaintiff walked

in front of her sister. As the plaintiff stood upon the side-walk she looked to her right and saw that the traffic light was red for traffic on Temple Street; she looked to her left and saw the automobile owned and driven by the defendant approaching from the north about 150 feet distant. Taking the small child by the hand, she advanced easterly across Temple Street in the ten foot space between the bus from which she had alighted and the bus ahead of it until she reached the easterly side of the bus. There she stopped, and, looking north, she saw the automobile driven by the defendant about 40 feet to 50 feet away from her traveling south at a speed of about ten miles per hour. Notwithstanding the fact that she so observed the approach of the defendant's automobile, the plaintiff proceeded east across Temple Street and collided with the right front of the defendant's automobile. The plaintiff fell to the pavement not seriously injured.

This was a plain case of contributory negligence that is altogether too common. Much stress is often laid upon the necessity that operators of automobiles exercise due care in such operation, so as not to injure pedestrians. Often do pedestrians so conduct themselves as almost to invite injury.

In this case it is true that the plaintiff had the legal right to use any part of the highway; but she was legally bound to exercise due care in such use.

So also the defendant had the legal right to use the highway so long as she obeyed the law and exercised due care.

As the defendant came south on Temple Street she saw the traffic light at the intersection—which she had not reached—turn red against her. She thereupon threw off her power and was coming to a stop, when the plaintiff with the small child walked out from between the two buses and collided with the automobile.

The plaintiff claims that the defendant should in the exercise of due care have seen her. The plaintiff did see the approach of the defendant's automobile. The attention of the defendant was for the moment—it all happened in a moment—upon the traffic light at the intersection and her manipulation and operation of her automobile so as to obey the signal of the red light and stop her automobile before entering the intersection.

The defendant was guilty of no negligence in the premises.

The plaintiff was guilty of contributory negligence which was a proximate cause of her injuries.

Judgment is rendered in favor of the defendant against the plaintiff.